IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID KYLE ZUFALL,

     Plaintiff,

v.                                                       No. CV 08-0958 JH/CG

ARAMARK CORPORATION,
ROBERT IRISH, FOOD SERVICE DIRECTOR,
GABRIELA (UNKNOWN), REGINA MORRISON,
YOLANDA (UNKNOWN),
DONA ANA COUNTY DETENTION CENTER,
CHRIS BARELA, ADMINISTRATOR,
CAPT GARCIA, LT. BURNS,
LT. PORTER, CHRIS BARELA,

     Defendants.

MEMORANDUM OPINION AND ORDER

     This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's amended civil rights complaint ("complaint"). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, service forms will be issued for one Defendant, and Plaintiff will be allowed to amend his complaint.

     The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.

Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts three claims of constitutional violations, one for retaliation, one for denial of necessary medical treatment, and one for illegal body-cavity searches. Plaintiff alleges that he was terminated from his prison employment in retaliation for reporting safety violations. He also alleges that he was denied necessary medical treatment for degenerative arthritis, back problems, and an injury. Third, Plaintiff alleges that he was subjected to daily body-cavity strip searches during the time he worked in the prison kitchen. The complaint seeks damages and injunctive relief.

In his claims for retaliation and denial of medical treatment, Plaintiff fails to identify persons allegedly responsible for the violations. In his retaliation claim Plaintiff alleges only that certain named Defendants "made it clear . . . that they were going to try to get me fired," and that others investigated his grievances. To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights claim may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. *See id*. And dissatisfaction with grievance procedures does not give rise to a constitutional claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at \*\*2 (10th Cir. Apr. 20, 2000). For his medical claim Plaintiff simply states, "I did not receive medication" and "D.A.C.D.C. has still refused to treat me." Plaintiff will be allowed time to identify the persons responsible for these alleged violations. Failure to comply with this order may result in dismissal of these claims.

IT IS THEREFORE ORDERED that, within ten (10) days from entry of this order, Plaintiff may file an amended complaint identifying the persons responsible for the alleged retaliatory firing and denial of medical treatment; and the Clerk is directed to send Plaintiff a form § 1983 complaint with a copy of this order;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Burns on Plaintiff's claim of illegal searches.

_____
UNITED STATES MAGISTRATE JUDGE