IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


DAVID KYLE ZUFALL,

      Plaintiff,

v.                                              No. CV 08-0958 WJ/CEG

ARAMARK CORPORATION,
ROBERT IRISH, FOOD SERVICE DIRECTOR,
GABRIELA (UNKNOWN), REGINA MORRISON,
YOLANDA (UNKNOWN),
DONA ANA COUNTY DETENTION CENTER,
CHRIS BARELA, ADMINISTRATOR,
CAPT GARCIA, LT. BURNS,
LT. PORTER,

      Defendants.


MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's amended pleadings. In an earlier order (Doc. 16), Plaintiff was allowed to file an amended complaint identifying the individuals allegedly responsible for the injuries giving rise to the claims in his original and first amended complaints (Docs. 1, 6). Plaintiff then filed second and third amended complaints (Docs. 20, 23), identifying a number of individuals. Plaintiff alleges that Defendants Porter, Garcia, Irish, Yolanda (Unknown), Gabriela (Unknown), and Morrison retaliated against him for reporting safety violations. He alleges that Defendant Alayo denied him an extra mattress that had been ordered by a doctor. He also alleges that Defendants Barela and Garcia authorized illegal body-cavity searches.

      Plaintiff's claims against named Defendants Aramark Corporation and Dona Ana County Detention Center will be dismissed. Neither of these entities may be held liable for constitutional

violations by individuals without an allegation or showing that a policy or custom caused the violations. *See Baker v. Simmons*, 65 F. App'x 231, 234 (10th Cir. 2003) (" '[C]orporate defendants cannot be held vicariously liable for the acts of their servants under section 1983.' ") (quoting *Dickerson v. Leavitt Rentals*, 995 F. Supp. 1242, 1247 (D. Kan. 1998); and citing *DeVargas v. Mason & Hanger-Silas Mason Co., Inc.*, 844 F.2d 714, 722 (10th Cir. 1988)); *see also Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (requiring allegation of county policy or custom as moving force behind a violation).  The Court will dismiss Plaintiff's claims against these Defendants.

IT IS THEREFORE ORDERED that the Order to Show Cause (Doc. 28) is QUASHED;

IT IS FURTHER ORDERED that the Clerk is directed to add the name of Defendant C.O. Alayo to the docket;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Aramark Corporation and Dona Ana County Detention Center are DISMISSED with prejudice; and Defendants Aramark Corporation and Dona Ana County Detention Center are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the second and third amended complaints (Docs. 20, 23), for Defendants Porter, Garcia, Irish, Yolanda (Unknown), Gabriela (Unknown), Morrison, Barela, and Alayo.

_____
UNITED STATES DISTRICT JUDGE