UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO


DAVID KYLE ZUFALL,

       Plaintiff,

v.                                                                     CIV 08-958 WJ/CG

ROBERT IRISH, Food Service Director,
GABRIALA LNU, Shift Supervisor,
REGINA MORRISON, Supervisor,
FNU Porter, Lieutenant,
CHRIS BARELA, Administrator,
FNU GARCIA, Captain,
FNU BURNS, Lieutenant,
YOLANDA UNL, and
CORRECTIONAL OFFICER ALAYO,

       Defendants.

# ORDER REGARDING SERVICE
# &
# TO FILE *MARTINEZ* REPORT

This *pro se* prisoner civil rights matter is before the Court *sua sponte*. Plaintiff David Zufall makes a number of allegations in his initial and amended complaints and other documents. See Docs. 1, 6-9, 12, 20, 23. He is reminded that the Court is only using Documents 20 and 23 (filed 3/18/09) as the pleadings for his claims. See Doc. 33 at 2 (ordering service of those documents on the named defendants). He is also reminded that the "Aramark Corporation" and the "Dona Ana County Detention Center"

(hereinafter DACDC) have been dismissed as Defendants by presiding Judge William P. Johnson.  *See id.*

## **Plaintiff's Allegations**

Plaintiff alleges the following constitutional violations occurred while he was housed at the Dona Ana County Detention Center as a pretrial detainee:

    **1.  Retaliatory Firing.**  Plaintiff asserts that he held an inmate job and reported alleged safety violations by Aramark Corporation.  In retaliation, Aramark employees Defendants Yolanda and Gabriela (Plaintiff does not know their last names) accused him of sexual misconduct.  In response to their allegations against Plaintiff, Defendant Irish summarily took Plaintiff "off the work roster," saying it was because Plaintiff was stealing even though an investigation later cleared Plaintiff of theft.  *Doc. 20* at 1-3; *see also Doc. 23* at 2-3,10, 12.

    **2.  Denial Of Medical Treatment – Food To Take Ibuprofen With.**  Plaintiff was prescribed ibuprofen for a back injury he sustained while working.  Though he admits he was never denied the medication, he complains hat he was not given food to take with it, which irritated his stomach.  *See Doc. 20* at 2, 4.

    **3.  Denial of Medical Treatment – Mattress.**  Plaintiff alleges that he was prescribed an extra mattress for his back injury and arthritis, and that was confiscated during a cell "shake down."  *See Doc. 23* at 4, 11.  He further alleges that, in retaliation "bugging them about getting it back," Defendant Alayo "deleted [the mattress] off the computer."  *Id.* at 11.  Defendant Porter then "O.K'[d] this action," and the mattress was never returned to him.  *Id.*

2

**4. Strip Searches.**   Plaintiff asserts that he underwent several strip/body cavity searches while incarcerated and he considers them "illegal," evidently because of the way they are conducted.  *See Doc. 23* at 3, 11.

## Only Half Of The Defendants Have Been Served

In January, Plaintiff was transferred from the DACDC.  *See Doc. 13.*  He has never been transferred back and it is unlikely he ever will be during the pendency of this suit.  The Court prepared copies of the operative complaints, notice, and a waiver of service form for all of the individual Defendants and mailed the packets to them at the address for the DACDC.  *See Staff Note* dated 8/20/09 (Court-only entry); *Docs. 34-36.*  Of the nine Defendants, only four have been served.  These developments raise three issues.

First, the DACDC "rejected" the Court's packet for "Gabriela LNU" and "Yolanda LNU" because the Court did not provide a "booking number" and because DACD "need[s] full name."  *Doc. 36* at 3; *Doc. 34* at 3.  Evidently, the person who handled these pieces of mail for the prison believed the mail was for an inmate.  Also, the DACDC "rejected" the Court's packet for "Regina Morrison" because she "no longer work[s] here."  *Doc. 35* at 3.  To facilitate service, the Court will ask counsel for Defendants to provide the full name for Gabriela and Yolanda, and the correct addresses for all three individuals.

Second, there is no indication that Robert Irish and Correctional Officer Alayo failed to receive their packets at the DACDC.  As the Court's waiver of service form indicates, failure to return it within thirty days requires the Court to issue a summons, an

3

expense that is passed on to the Defendant.  *See, e.g., Doc. 36* at 1.  Because the DACDC did not return the packets for Mr. Irish and Mr. Alayo, and almost three months have passed since the materials were sent, the Court will order personal service for them.

Finally, in their Answer, counsel did not identify the first names for Defendants Porter, Garcia, Burns, and did not clarify whether the titles Plaintiff used for them are correct.  That information is necessary for the caption to correctly reflect the parties.

## **Despite Lack Of Service, A *Martinez* Report Is Warranted**

This matter has been pending for a little over a year and under *Martinez v. Aaron,* 570 F.2d 317, 320 (10th Cir. 1978), this Court may order defendants in cases like this to investigate the incidents underlying Plaintiff's lawsuit and submit a report of their investigation, in order to develop a factual or a legal basis for determining whether a prisoner plaintiff has a meritorious claim.  *See, e.g., Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir. 1987).  A *Martinez* Report may be used in a variety of contexts, including motion for summary judgment or *sua sponte* entry of summary judgment.  When a *Martinez* Report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report.  *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).

Even though all Defendants have not yet been served, Plaintiff's claims are straight-forward and appear to have been investigated at the time of the incident and/or were subject to grievance procedures.  Typically, strip-search procedures are governed by internal prison regulations and documented.  Furthermore, it is likely that all

Defendants will be represented by the same attorney.  In light of the service yet to be made, I will set a schedule with more than ample time to accomplish service and complete briefing.

Wherefore,

**IT IS HEREBY ORDERED** that counsel for Defendants file a notice with the Court no later than Friday, December 4, 2009, and provide the names, addresses, and/or titles as described above.

**IT IS FURTHER ORDERED** that Defendants file a *Martinez* Report in accordance with the instructions below:

1. Defendants' comprehensive *Martinez* Report shall address all of Plaintiff's allegations and should include, but is not limited to: whether documents or other records pertaining to the events exist; and whether prison policies or regulations address the situation;

2. If documents and records do exist, Defendants shall include copies of them as attachments to the *Martinez* Report, arranged in a logical order and Bates-stamped or otherwise be clearly serially marked;

3. Defendants must provide affidavits to properly authenticate submitted documents, and may also submit other affidavits in support of the *Martinez* Report;

4. The submission of documents alone shall not be considered in compliance with this Order.  Defendants are expected to also prepare the "report" portion of the *Martinez* Report that discusses the claims and the submissions that relate to them;

5. The Court is aware that materials contained in corrections files may be sensitive and that there may be valid reasons for keeping such information secret.  As such, Defendants may redact confidential portions of documents submitted with the *Martinez* Report and provide that version to Plaintiff.  Alternatively, they may request that Plaintiff not be permitted to review certain portions of the *Martinez* Report and its attachments.  If so, Defendants must make their objections to the Court fourteen (14) days prior to the *Martinez*

    Report filing and service date below.  The entire *Martinez* Report must be submitted along with the objections, both under seal, to the Court for ruling if they chose this alternative;

6. Given the detail required above, the Court will give ample time for the Defendants to accomplish this task.  Defendants shall file and serve their *Martinez* Report no later than Friday, March 5, 2010;

7. Plaintiff shall file and serve his response to the *Martinez* Report no later than Friday, April 2, 2010; and

8. Defendants shall file and serve their reply, if any, no later than Friday, April 16, 2010.

---

**THE PARTIES ARE HEREBY GIVEN NOTICE that the *Martinez* Report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte*; as such, the parties should submit whatever materials they consider relevant to Plaintiff's claims.  See *Hall,* 935 F.2d 1106.**

---

_____
UNITED STATES MAGISTRATE JUDGE