UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

DAVID KYLE ZUFALL,

      Plaintiff,

v.                                                                           CIV 08-958 WJ/CG

ROBERT IRISH, Food Service Director,
GABRIALA LNU, Shift Supervisor,
REGINA MORRISON, Supervisor,
JUSTIN Porter, Lieutenant,
CHRIS BARELA, Administrator,
VICKI GARCIA, Captain,
LLOYD BURNS, Lieutenant,
YOLANDA LNU, and
CORRECTIONAL OFFICER ALAYO,

      Defendants.

## ORDER DENYING THIRD MOTION FOR COUNSEL
## &
## ORDERING PERSONAL SERVICE FOR
## &
## TAKING "CAUSE" TENDERED FOR LACK OF SERVICE ON DEFENDANTS GABRIELA LNU AND YOLANDA LNU UNDER ADVISEMENT

      The Court has already scheduled briefing on a "*Martinez* Report," which will be completed in early April. *See Doc. 41.* Meanwhile, the Court is also monitoring the case to facilitate service on the remaining defendants. Plaintiff indicates that he does not know, and has no means of ascertaining, the addresses for the Aramark employee

defendants Gabrielle "LNU" and Yolanda "LNU" (who worked in the kitchen at the Dona Ana County Detention Center) and he makes a third request for counsel or an investigator. *See Docs. 41-48.* I also note that to-date Defendant "Food Service Director" Robert Irish has not made an appearance and personal service should now issue for him. *See Doc. 41* at 3-4.

Appointment of counsel, however, is not appropriate at this time, so I will again deny the request. The Sixth Amendment does not guarantee right to counsel in civil cases and, thus, there is no automatic right to counsel in prisoner civil rights cases under § 1983. *E.g., Parker v. Bruce,* 109 Fed. App'x 317, 321 (10th Cir. 2004) (citing *Wendell v. Asher,* 162 F.3d 887, 892 (5th Cir. 1998); *Abdur-Rahman v. Mich. Dep't of Corr.,* 65 F.3d 489, 492 (6th Cir. 1995); *Poole v. Lambert,* 819 F.2d 1025, 1028 (11th Cir. 1987); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir. 1988); and *Bishop v. Romer,* 1999 WL 46688 at * 3 (10th Cir.), *cert. denied,* 527 U.S. 1008 (1999)). In considering whether to appoint counsel for an indigent plaintiff who is proceeding under 28 U.S.C. § 1915(d), the factors this Court should consider include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991)).

As I previously outlined, the issues are few and straightforward. Furthermore, this matter has not yet passed the *Martinez* Report stage and, as I explained earlier, the purpose of a *Martinez* Report is to ascertain whether there are any claims for relief that should go forward. *See Doc. 41* at 2-5. Until the Court makes that initial determination

and under these circumstances, I find appointment of counsel is not warranted.

Wherefore,

**IT IS ORDERED** that summons be issued and the U.S. Marshal serve the summons and complaint personally on Defendant "Robert Irish, Food Service Director," as directed by the Clerk. The service of the summons and complaint shall be at no cost to the Plaintiff, who is proceeding under 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that Plaintiff's requests for counsel or an investigator *(Docs. 47, 48)* are DENIED WITHOUT PREJUDICE.

**IT IS FINALLY ORDERED** that the Court's order to show cause *(see Doc. 46)* is TAKEN UNDER ADVISEMENT pending resolution of the *Martinez* Report.

_____
UNITED STATES MAGISTRATE JUDGE